NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD WEISS, on behalf of himself and all others similarly situated, : : Plaintiff, : : v. : : REGAL COLLECTIONS AND LANCER INVESTMENTS, LLC., : : Defendants. : | **Hon. Dennis M. Cavanaugh** **OPINION** Civil Action No. 01-cv-881 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the application of Class Plaintiff Richard Weiss ("Plaintiff"), pursuant to Fed. R. Civ P. 23(e), for Final Approval of the Settlement Agreement with Defendants Regal Collections and Lancer Investments, Inc. ("Defendants"). In addition, Class Counsel has filed a motion for approval of an award of attorneys' fees and expenses. A hearing on the application for Final Approval was held by this Court on July 14, 2006. For the reasons set forth below, the Court grants Class Plaintiff's application and approves the Settlement Agreement. Class Counsel's application for attorneys' fees and expenses is also granted.

**I. Background**

*Procedural History*

Plaintiff Richard Weiss, on behalf of himself and all others similarly situated, filed a Complaint against Defendant Regal Collections on February 21, 2001. Plaintiff sought damages

from Regal Collections for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. On March 2, 2001, Plaintiff amended his Complaint to designate Lancer Investments as a party defendant, also for alleged violations of the FDCPA.

Judge Wolin issued a July 17, 2002 Order and Opinion dismissing Plaintiff's Complaint pursuant to Rule 12(b)(1). On September 18, 2003, Final Judgment was entered in favor of Plaintiff Richard Weiss for $1,000.00 and $10,000.00 in attorneys' fees, with no recovery for the putative class. Plaintiff subsequently filed a Notice of Appeal with the Third Circuit. On September 29, 2004, the Third Circuit reversed the District Court's decision to dismiss the action and remanded the case, holding that a putative class action is not rendered moot by a defendant's offer of judgment for all of the relief that a lead plaintiff could obtain individually. In light of Judge Wolin's retirement, this case was reassigned to this Court on remand. Since that time, the parties engaged in numerous settlement conferences and negotiations, aided by the participation of Magistrate Judge Falk. On May 26, 2006, Plaintiff filed a Motion for Preliminary Approval of Settlement and Class Notice Approval. On June 7, 2006, the Court entered an "Order with Respect to Class Notice and Settlement Hearing" preliminarily approving the settlement, the proposed form of notice to the class and certifying the action to proceed under Fed. R. Civ. P. 23(b)(3) on behalf of the class. A Fairness Hearing for final approval of the Settlement Agreement was held on July 14, 2006.

*Settlement Agreement*

The Settlement Agreement provides for Defendants to make cash payments to the Class in the total amount of $65,000.00. Payments of $157.38 are to be distributed to each of the 413 members of the Class who can be located, or a payment in an equal amount made through a *cy pres* distribution to the National Consumer Law Center, for any class members that cannot be located.

In addition, Defendants have agreed to pay $1,000.00 in statutory damages to Plaintiff Weiss.

## II. Approval of the Settlement Agreement

"The decision of whether to approve a proposed settlement of a class action is left to the sound discretion of the district court." Girsh v. Jepson, 521 F.2d 153, 156 (3d Cir.1975). In exercising that discretion, the Court is guided by Federal Rule of Civil Procedure 23(e). That rule provides that "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such a manner as the court directs." Fed.R.Civ.P. 23(e). In determining whether to approve a class action settlement under Rule 23(e), " 'the district court acts as a fiduciary who must serve as a guardian of the rights of absent class members' " In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig., 55 F.3d 768, 785 (3d Cir.1995) (quoting Grunin v. Int'l House of Pancakes, 513 F.2d 114, 123 (8th Cir.), cert. denied, 423 U.S. 864 (1975) (citation omitted));see also In re Linerboard Antitrust Litigation, 321 F.Supp.2d 619, 628 (E.D.Pa. 2004).

Before giving final approval to a proposed class action settlement, the Court must determine that the settlement is "fair, adequate, and reasonable." Lazy Oil Co. v. Witco Corp., 166 F.3d 581, 588 (3d Cir. 1999); Walsh v. Great Atlantic & Pacific Tea Co., 726 F.2d 956, 965 (3d Cir.1983). The Third Circuit has identified nine factors that a district court should consider when making this determination:

    (1)    the complexity, expense and likely duration of the litigation;
    (2)    the reaction of the class to the settlement;
    (3)    the stage of the proceedings and the amount of discovery completed;
    (4)    the risks of establishing liability;
    (5)    the risks of establishing damages;
    (6)    the risks of maintaining the class action through the trial;
    (7)    the ability of the defendants to withstand a greater judgment;

      (8)      the range of reasonableness of the settlement fund in light of the best possible recovery;

      (9)      the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

In re Prudential Ins. Co. of America Sales Practices Litig., 148 F.3d 283, 317 (3d Cir.1998) (quoting Girsh v. Jepson, 521 F.2d 153, 157 (3d Cir.1975)). "These factors are a guide and the absence of one or more does not automatically render the settlement unfair." In re American Family Enterprises, 256 B.R. 377, 418 (D.N.J. 2000). Rather, the court must look at all the circumstances of the case and determine whether the settlement is within the range of reasonableness under Girsh. In re Orthopedic Bone Screw Prod. Liability Litig., 176 F.R.D. 158, 184 (E.D.Pa.1997).

**Summary of Factors**

The Court has considered the proposed settlement in keeping with the Girsch factors and finds that the balance of factors weigh in favor of approval. This case has been pending since 2001, and has a long detailed history, including litigation at the trial and appellate level. The settlement was only reached after extensive arms-length negotiations between the parties, with the active participation and assistance of Magistrate Judge Falk. Based on their discovery, investigation and evaluation of the facts and law relating to all matters alleged in the pleadings, Plaintiff and Defendants have agreed to a settlement that will provide substantial benefits to both Plaintiff and the Class. Furthermore, due to its complex nature, the parties would have faced great risk and uncertainty should the suit have proceeded to trial, with no guarantee of recovery. Notably, the FDCPA would have placed a ceiling upon damages in this action based upon the financial resources of the Defendant. In sum, the Court further finds that the settlement is fair, adequate, reasonable and

proper, and in the best interests of the Class. Accordingly, the Court approves the settlement agreement.

### III. Attorneys' Fees

Class Counsel has submitted a request for approval of attorneys' fees and expenses in the amount of $60,000.00. Typically, in determining approval of attorneys' fees in large settlements, a court will award fees based on a percentage of recovery of the common fund awarded to the plaintiffs. Here, however, because the case arises out of a fee shifting statute, Class Counsel ask the Court to apply the lodestar method for awarding fees. See In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation, 55 F.3d at 821 (3d Cir. 1995) ("Courts generally regard the lodestar method...as the appropriate method in statutory fee shifting cases.").

Class Counsel submits that the lodestar in this case, exclusive of costs and expenses is $108,659.40. This includes 129.80 hours billed by PinilisHalpern, LLP., Class Counsel, at a rate of $425.00 per hour for a total lodestar of $55,080.00. PinilisHalpern, LLP. also incurred $1,572.95 in un-reimbursed expenses. Robert I. Lax & Associates, Co-Class Counsel has submitted that it expended 111.42 attorney hours in connection with this litigation and compiled a total lodestar of $53,579.40. In addition, it incurred a total of $977.75 in un-reimbursed expenses.

Despite over $100,000.00 in lodestar, Class Counsel has only asked this Court to award $60,000.00 in fees. The Court finds this amount to be reasonable and in keeping with other awards in this District. The Court also notes that although this amount is approximately equal to the class recovery amount, the attorneys in this case have expended significant amounts of time and effort in pursuing a successful settlement. Since the commencement of this case in 2001, Class Counsel has

advanced the cost of all expenses and undertaken significant risk in doing so should the case not have come to a successful resolution.  In sum, the Court is confident that the hourly rates and the total hours exhausted by the attorneys is a fair and reasonable representation of the work required in this particular class action.  As such, the Court will award attorneys' fees and expenses to Class Counsel in the amount of $60,000.00.

## IV. Conclusion

For the reasons expressed above, Plaintiff's Motion for Final Approval of the Settlement Agreement is **granted.**  The Settlement Agreement is hereby **approved**.  Class Counsel's motion for attorneys' fees and expenses is granted.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh  
 DENNIS M. CAVANAUGH, U.S.D.J.

Date: July 18, 2006  
Original: Clerk's Office  
Cc: All Counsel of Record  
 The Honorable Mark Falk, U.S.M.J.  
 File